**James M. Dore - State Bar No. 343860**
JUSTICIA LABORAL, LLC
6232 N. Pulaski Rd. Suite 300, Chicago, IL 60646
P: (773) 415-4898; E: jdore@justicialaboral.com
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE O. LUQUIN,<br><br>Plaintiff,<br><br><br><br><br><br><br><br><br><br>TAQUERIA EL GRULLENSE M&G, INC., AND ENRIQUE GUERRERO<br><br>Defendants. | Case No: 3:22-cv-7339<br><br>Complaint for Declaratory Relief and Monetary Damages for Violations of: (1) the FLSA – Overtime Wages; (2) Cal. Labor Code – Overtime Wages; (3) Cal. Labor Code – Waiting Time Penalties; (4) Cal. Unfair Competition Law Violations; (5) Cal. Labor Code - Rest and Lunch Break Violations; and (6) Cal. Labor Code – Wage Statement Violations<br><br>DEMAND FOR JURY TRIAL |

**NATURE OF THIS ACTION**

1. This is an action for relief from Defendants' TAQUERIA EL GRULLENSE M&G, INC. and ENRIQUE GUERRERO ("Guerrero") (cumulatively "Defendants") violations of Plaintiff Jose O. Luquin's ("Plaintiff") workplace rights. Defendants violated both federal and state wage and hour laws, against Plaintiff.

2. This is an action brought pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.*, California Labor Code, and the Unfair Competition Law, to obtain relief for Plaintiff.

3. This action is brought by Plaintiff to secure declaratory relief and damages to remedy Defendants' violations of federal, state, and local employment laws by failing to adequately compensate Plaintiff for the hours he worked, and to secure declaratory, compensatory, and punitive damages under federal and state employment laws.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337, and Section 16(b) of the FLSA.

5. This Court has supplemental jurisdiction over the related state law and local ordinance claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's claims under the California Labor Code, and the Unfair Competition Law, form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with her/his federal law claims, and the parties are identical.  Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

6. Pursuant to 28 U.S.C. § 1391(b) and Civil Local Rule 3-2(d), venue is proper in the Northern District of California because Plaintiff resides in this District, Defendants reside in and employed Plaintiff in this District, and the unlawful employment practices alleged herein giving rise to Plaintiff's claims occurred in this District.

**PARTIES**

7. Plaintiff JOSE O. LUQUIN is a current resident of Pittsburg, California.

8. Defendant TAQUERIA EL GRULLENSE M&G, INC. is a limited liability company doing business in California. It is a restaurant serving food directly to customers. At all times relevant herein Defendant TAQUERIA EL GRULLENSE M&G, INC. was Plaintiff's employer covered by the FLSA, the California Labor Code Industrial Welfare Commission Wage Order 5 ("Wage Order 5"), and Industrial Welfare Commission Minimum Wage Order MW-2007 ("General Minimum Wage Order").

9. Defendant GUERRERO is, on information and belief, an adult resident of Pinole, California. Defendant GUERRERO was, during the relevant time period, the sole member and/or manager and/or Chief Executive Officer of Defendant TAQUERIA EL GRULLENSE M&G, INC. .  At all times relevant herein Defendant GUERRERO was Plaintiff's employer covered by the FLSA, California Labor Code, Wage Order 5, General Minimum Wage Order. Plaintiff is informed and believes that Defendant GUERRERO is a joint employer, working as a joint enterprise with and/or the alter ego of Entity Defendants. Defendant GUERRERO controls and is intimately involved in the day-to- day operations of Entity Defendants and both determined and instituted the unlawful wage and hour violations alleged herein. Defendant GEURRERO has violated or caused to be violated the provisions of Wage Order 5 regulating minimum wages and/or hours and days of work as well as Labor Code §§ 203, 226, and 1194.  As such, he is personally liable for the Wage Order and Labor Code violations cited above pursuant to Labor Code § 558.1.

10. Plaintiff is informed and believes, and thereon alleges, that Defendants each acting as agents and/or employers and/or under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.   Plaintiff is informed and believes, and thereon alleges, that at all times material hereto Defendants were and are agents of each other.

**STATEMENT OF FACTS**

11. Plaintiff worked for Defendants as a food prep and general laborer from approximately June 2020 and is still employed by Defendants.

2

12. When Defendants hired Plaintiff, Defendants did not present or require Plaintiff to sign an employment contract.

13. Defendant GUERRERO was Plaintiff's supervisor throughout the entirety of his employment.

14. During his employment, despite working approximately eleven (10) hours per day, six (6) days per week, Plaintiff was not paid the minimum wages required by law including cash wages, for the hours he worked.

15. Defendants required Plaintiff, a non-exempt employee, to work at rates, that are below the state and federal minimum wage.

16. Defendants willfully, intentionally, and with reckless disregard denied Plaintiff all the wages to which s/he was entitled under the FLSA, state law, and/or any local ordinance.

**ALTER EGO ALEGATIONS**

17. Defendant GUERRERO formed TAQUERIA EL GRULLENSE M&G, INC..

18. TAQUERIA EL GRULLENSE M&G, INC. is a closely-held company.

19. Plaintiff is informed and believes that Defendant GUERRERO exercises complete control over TAQUERIA EL GRULLENSE M&G, INC. Defendant GUERRERO was, during the relevant time period, listed as a member and/or manager and/or Chief Executive Officer of Defendant TAQUERIA EL GRULLENSE M&G, INC.

20. There exists, and at all times herein mentioned has existed, a unity of interest and ownership between Defendant GUERRERO and TAQUERIA EL GRULLENSE M&G, INC., such that the requisite degree of individuality and separateness among these Defendants, and each of them, have ceased, and that Defendant GUERRERO is the alter egos of TAQUERIA EL GRULLENSE M&G, INC. Plaintiff is informed and believe, and thereon, alleges that:

a.  Defendant GUERRERO has held himself out as the owner of the TAQUERIA EL GRULLENSE M&G, INC.

b.  TAQUERIA EL GRULLENSE M&G, INC. all have the same "entity address";

c.  Defendant GUERRERO has completely controlled, dominated, managed, and operated TAQUERIA EL GRULLENSE M&G, INC. for his sole and exclusive benefit;

d.  Defendant GUERRERO has at all times herein mentioned, controlled and operated TAQUERIA EL GRULLENSE M&G, INC. as a device to avoid individual, agency, and *respondeat superior* liability; and

e. Defendant GUERRERO has failed to maintain the requisite degree of separateness with TAQUERIA EL GRULLENSE M&G, INC. and have failed to observe requisite corporate formalities.

21. Adherence to the fiction of the separate existence of TAQUERIA EL GRULLENSE M&G, INC. as entities distinct from Defendant GUERRERO would permit an abuse of the company privilege, sanction fraud, and promote injustice.

**FIRST CLAIM FOR RELIEF**
**Failure to Pay Minimum Wage for Overtime Hours in Violation of FLSA**

22. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

23. The FLSA applied to Plaintiff's employment with Defendants at all times relevant herein.

24. Section 206 of the FLSA, 29 U.S.C. § 206(a)(1)(C), mandates that employers pay all employees engaged in commerce or in the production of goods for commerce, minimum wages for their work in an amount set by federal law. Section 218 of the FLSA, 29 U.S.C. § 218(a), provides that employers pay such minimum wages as established by state law, should it be higher than the federal minimum. During the relevant time period the federal minimum wage was $7.25.

25. For a substantial time during his employment, Plaintiff was not paid the required minimum Wages. Defendants failed to maintain proper and accurate records as mandated by the FLSA. Upon information and belief, Defendants have not preserved any records of Plaintiff's wage calculations showing deductions from wages paid on a weekly basis.

26. Plaintiff began working for Defendants in or before June 2020 until now.

27. At all times, Plaintiff was a driver and performed general labor for Defendants. Plaintiff was an "employee" of Defendants at the term is used in Section 203 of the FLSA because he was employed by Defendants to perform general labor; s/he does not fall within any of the exceptions of workers in the FLSA.

28. Although schedules are subject to change, Plaintiff's general schedule with Defendants Required Plaintiff to work 61 hours per week.

29. Plaintiff was paid his wages on a daily basis; he was paid $13 per hour until January 2022 when they were raised to $14 per hour.

30. Plaintiff's wages were not paid based on the number of jobs performed or completes, nor was it based on the quality of efficiency of his performance.

32. Throughout the course of Plaintiff's employment with Defendants, Defendants regularly scheduled and directed Plaintiff to work over forty (40) hours per week.

4

33. Defendants willfully, intentionally, and with reckless disregard failed to pay Plaintiff the minimum wage for all his/her hours worked in violation of the FLSA.

34. Because of Defendants' unlawful failure and refusal to pay Plaintiff minimum wages, Plaintiff is entitled, pursuant to § 216(b) of the FLSA, 29 U.S.C. § 216(b), to recover her unpaid minimum wages, including interest and liquidated damages thereon, in amounts to be proven at trial, as well as reasonable attorney's fees and costs.

35. Plaintiff is entitled to recover unpaid minimum wages and liquidated damages for the 3 Years Prior to filing of this lawsuit. On information and belief, this amount includes: (i) $17,661.00 in unpaid minimum overtime wages; (ii) liquidated damages of $17,661.00; and (iii) Plaintiff's attorney's Fees and costs, to be determined.

**SECOND CLAIM FOR RELIEF**
**Violation of Cal. Lab. Code 1194 and Wage Order 5 - Failure to Pay Overtime Wages**

36. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

37. California Labor Code Section 1194(a) provides:

"Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

Further, Wage Order 5, Section 3(A)(1) provides:

"The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1.5) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek.   Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

(a) One and one-half (1.5) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including twelve (12) hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and

(b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

(c) The overtime rate of compensation required to be paid to a nonexempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one fortieth (1/40) of the employee's weekly salary.

38. Defendants failed to pay the legal overtime compensation applicable to Plaintiff.

39. Labor Code § 558.1(a) provides for liability for an "other person acting on behalf of an employer[] who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission or [Labor Code] Section[. . . ] 1194."" Labor Code § 558.1(b) provides that an "other person" is "a natural person who is an owner, director, officer, or managing agent" of an employer

40. On information and belief, Defendant GUERRERO is and was, at relevant times, an owner, director, officer, or managing agent of Defendants TAQUERIA EL GRULLENSE M&G, INC. and violated or caused to be violated the provisions regulating minimum wages or hours and days of work in Wage Order 5 and Labor Code § 1194. Therefore, Defendant GUERRERO is individually liable for these violations.

41. Plaintiff is entitled to recover unpaid overtime wages, plus interest, for the 3 Years Prior to filing of this lawsuit. On information and belief, this amount includes: (i) $17,661.00 in unpaid overtime wages; (ii) interest; and (iii) Plaintiff's attorney's Fees and costs, to be determined.

### THIRD CLAIM FOR RELIEF
**Waiting Time Penalties in Violation of the California Labor Code**

42. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

43. The California Labor Code applied to Plaintiff's employment with Defendants at all times relevant herein.

44. California Labor Code Section 203 provides:

"If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.6, 201.8, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."

45. Plaintiff is still employed by Defendants.

46. Defendants willfully failed to pay Plaintiff her/his wages due after Plaintiff's employment with Defendants terminated.

47. California Labor Code §§ 201 and 202 mandates that an employer pay its employees all earned wages immediately upon discharge or within 72 hours of the employee's resignation. California Labor Code § 203 authorizes an employee to recover waiting time penalties in an amount equal to the employee's daily wages for up to thirty (30) days if an employer willfully fails to pay any wages earned and due to the employee within the timeframes required by Labor

6

Code §§ 201 and 202.

48. At all relevant times during his employment, Defendants willfully failed to pay Plaintiff all minimum, overtime, and/or double-time wages due as set forth in the California Labor Code and Wage Order. Defendants willfully failed to pay Plaintiff all wages owed to her immediately upon her discharge, and such earned wages remain unpaid, in violation of the Labor Code. Plaintiff has repeatedly demanded that Defendants pay her owed wages, verbally and in writing. To date Defendants have willfully and intentionally refused, and continue to refuse, to pay Plaintiff her/his owed wages in violation of the California Labor Code.

49. Pursuant to California Labor Code § 203, Plaintiff is entitled to waiting time penalties in an amount equal to thirty (30) days' wages, in the amount of $3,600.00, plus attorneys fees and costs, and interest.

**FOURTH CLAIM FOR RELIEF**
**Violations of California Business and Professions Code - Unfair Competition Law**

50. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference.

51. At all times relevant herein through Defendants' acts and omissions alleged herein, Defendants committed unlawful acts that violated Business and Professions Code §§ 17200 et seq.

52. Defendants' unlawful acts included violating the California Labor Code, Wage Order 5, and General Minimum Wage Order, as alleged herein, including Labor Code §§ 1194, 201-3, 1197.5, 226, and 1185.

53. Defendants' violations of these statutes, regulations, and ordinances independently and separately constitute an unlawful business practice within the meaning of Business and Professions Code §§ 17200 et seq.

54. As a result of the aforementioned acts, Plaintiff has lost and continues to lose money or property, and has suffered and continues to suffer injury in fact.

55. Plaintiff is entitled to restitution pursuant to Business and Professions Code §§ 17203 and 17208 for, among other things, all unpaid wages, and interest since four (4) years prior to filing of the Complaint.

56. Plaintiff is informed and believes, and based upon such information and belief alleges, that by engaging in the unfair and unlawful business practices complained of herein, Defendants lowered their labor costs and thereby obtained a competitive advantage over law-abiding employers with which they compete.

57. Plaintiff takes upon herself the enforcement of the aforementioned laws and lawful claims. Enforcement of California's laws is in the public interest. There is a financial burden incurred in pursuing this action. Plaintiff therefore seeks recovery of attorney's fees as provided by Code of Civil Procedure § 1021.5.

58. Plaintiff is entitled to restitution in the amounts unlawfully withheld by

Defendants, with interest; and an award of attorneys' fees and costs. Plaintiff is entitled to recover restitution in an amount of at least $17,661.00, with interest, attorney's fees and costs, and interest.

### FIFTH CLAIM FOR RELIEF
**Violations of California Labor Code - Failure to Authorize and Permit Paid Rest Periods or Pay Missed Rest Period Premiums - Cal. Labor Code §§ 226.2 and 226.7; IWC Wage Order No. 4-2001 § 12**

59. Labor Code § 226.2(a)(1) states that "employees shall be compensated for rest and recovery periods…. separate from any piece-rate compensation."

60. Wage Order No. 4-2001 § 12(A) provides:

"Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten minutes net rest time per four hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

61. California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

62. During the relevant period, Plaintiff regularly worked more than 11 consecutive hours in a workday. However, Defendants did not compensate them for their time spent on rest breaks separately and apart from the regular rate, as required under Labor Code § 226.2.

63. Defendant also regularly failed to authorize and permit Plaintiff to take paid off-duty rest breaks by requiring him/her to remain available for work at all times during his work day, in violation of Wage Order No. 4-2001 § 12.

64. As a result of Defendant's policies and practices, Plaintiff was not authorized and permitted to take compliant rest breaks or meal breaks, and is entitled to recover one additional hour of pay at the employee's regular rate of compensation for each instance in which Defendants failed to authorize and permit him to take paid rest periods as required under Labor Code § 226.7 and Wage Order No. 4-2001 § 12.

65. Working 11 hour days, Plaintiff was entitled to 2 rest breaks and one meal break; Defendants failed to provide Plaintiff these meal and rest breaks.

66. Plaintiff is entitled to 1 hour of regular pay, for each of Defendants' violations of California's rest break and meal break laws, for the three years prior to this complaint. Plaintiff is entitled to $17,661.00 in damages.

### SIXTH CLAIM FOR RELIEF
**Failure to Issue Accurate Itemized Wage Statements [Labor Code §§ 226(a), (e); 226.2]**

67. Plaintiff re-alleges and incorporates by reference each and every allegation set forth

in the preceding paragraphs.

68. During the Wage Statement Subclass Period, Defendant failed to provide Plaintiff and Class Members with accurate itemized wage statements in violation of Labor Code § 226(a) by failing to list on the wage statements (1) gross wages earned, (2) total hours worked, (3) net wages earned, and (4) all applicable hourly rate in effect during the pay period, and the corresponding number of hours worked at each hourly rate, in violation of Labor Code §§ 226(a)(1), (2), (5), and (9).

69. Defendant also failed to itemize the total number of hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period; and the total hours of other nonproductive time, the rate of compensation, and the gross wages paid for that time during the pay period, as required under Labor Code § 226.2.

70. Wage Statement Subclass Members suffered injury as a result of Defendant's knowing and intentional failure to comply with Labor Code § 226(a).

71. The California Labor Code §§ 226(e)(1) provides:

"An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

73. As a result of Defendant's knowing and intentional violations of Labor Code § 226(a) described above, Wage Statement Subclass Members are entitled to recover an initial penalty of $50, and subsequent penalties of $100, for each incomplete and/or inaccurate wage statement issued to them, up to an amount not exceeding an aggregate penalty of $4,000 for each Wage Statement Subclass Member, pursuant to Labor Code § 226(e).

74. Plaintiff, on behalf of herself and all other Wage Statement Subclass Members, requests relief as described below.

**DECLARATORY RELIEF ALLEGATIONS**

75. The allegations of each of the preceding paragraphs are realleged and reincorporated herein by reference.

76. A present and actual controversy exists between Plaintiff and Defendants concerning their rights and respective duties. Plaintiff contends that Defendants violated his/her rights under the FLSA, California Labor Code, California Business and Professional Code, and the Wage Order 5, General Minimum Wage Order. Plaintiff is informed and believes and thereon alleges that Defendants deny any liability. Plaintiff seeks a judicial declaration of the rights and duties of the respective parties. Declaratory relief is therefore necessary and appropriate.

77. Plaintiff has suffered injury in fact and has lost money as a result of Defendants' unlawful and unfair business practices and acts, and is therefore authorized to pursue injunctive relief against Defendants that is necessary to prevent further unfair business practices and acts.

78. Defendants acted or failed to act as herein alleged with malice or reckless disregard to the protected rights of Plaintiff, and Plaintiff is thus entitled to recover punitive damages in an amount to be determined according to proof.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this Court enter judgment against Defendants as follows:

1. A declaratory judgment that Defendants' actions complained of herein have violated Plaintiff's rights under the FLSA, the California Labor Code, California Business and Professional Code, and the Wage Order 5, General Minimum Wage Order;

2. Unpaid minimum wages, unpaid wages at regular hourly rate, overtime premium wages, and other compensation denied or lost to Plaintiff to date by reason of Defendants' unlawful acts, according to proof;

3. Liquidated damages in an amount equal to minimum wages unlawfully unpaid;

4. Liquidated damages in an amount equal to overtime wages unlawfully unpaid;

5. Waiting time penalties under Labor Code § 203 for failure to pay wages due upon separation, according to proof;

6. General, compensatory, and special damages according to proof;

7. Exemplary and punitive damages according to proof; and

8. Interest accrued on Plaintiff's damages, including pre- and post-judgment interest, and an upward adjustment for inflation, under Labor Code § 218.6;

9. Reasonable attorney's fees and costs of suit pursuant to 29 U.S.C. § 216 (b), Labor Code § 1194 (a), Cal. Code of Civ. Proc. § 1021.5, and other laws;

10. Such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a jury trial as provided by Rule 38 (a) of the Federal Rules of Civil Procedure.

/s/ James M. Dore

**James M. Dore - State Bar No. 343860**
JUSTICIA LABORAL, LLC.
*Attorneys for Plaintiff*
6232 N. Pulaski Rd. Suite 300, Chicago, IL 60646

480  P: (773) 415-4898; E: jdore@justicialaboral.com

11